## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| DWIGHT D. YORK ) <br> a/k/a MALACHI Z. YORK ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> FEDERAL BUREAU OF PRISONS, ) <br> Serve: U.S. Attorney's Office ) <br> U.S. Attorney Cole Finegan ) <br> 1801 California Street, Ste. 1600 ) <br> Denver, Colorado 80202 ) <br>   ) <br> Defendant(s). ) | Case No.: 1:22-cv-2801 <br> *Jury Trial Requested* |

### COMPLAINT

Plaintiff, DWIGHT D. YORK, aka MALACHI Z. YORK (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, and files this Complaint for damages against Defendant, FEDERAL BUREAU OF PRISONS (hereinafter referred to as BOP") and for cause would show unto the Court the following:

This suit is brought by Plaintiff, an inmate in the United States Penitentiary Administration Maximum Facility in Florence, Colorado (ADX). Plaintiff seeks declaratory and injunctive relief and damages from the Violation of his Constitutional Rights, under the First and Sixth Amendment of the Constitution to the United States of America, by denying, *without cause*, Plaintiff's right to speak to his attorney.

### JURISDICTION AND VENUE

1. This Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because all occurrences giving rise to this Complaint occurred in this judicial district.

1

## PARTIES

2.     Plaintiff is a Federal Prisoner at ADX. The Defendant is the Federal Bureau of Prisons, which operates and manages ADX. Defendant is a Federal Law Enforcement Agency subdivision of the United States Department of Justice, and is responsible for the administration of the federal prison system. The BOP maintains physical custody of the Plaintiff.

3.     The BOP is charged with establishing policies and regulations that algin with the constitutional rights of each individual, that are safe, humane, and secure for all federal penitentiaries and other prison facilities. Defendant knew of, supported, adopted and approved and ratified the policy, custom, or practice of violating the constitutional rights of Plaintiff.

## PREVIOUS LAWSUITS

4.     Plaintiff has filed other lawsuits, unrelated to this Complaint, since he has been incarcerated. A complete list of previous lawsuits shall be provided to the Court once the undersigned counsel has had an opportunity to have a legal visit with the Plaintiff to obtain such information.

## FACTS

5.     On October 22, 2022, approximately 11:00AM Plaintiff's attorney, Charles Tucker, Jr., Esq. arrived at the 5880 Hwy. 67 South Florence, CO 81226 for a legal visit with Plaintiff.

6.     Without cause and without justification, Plaintiff's attorney was denied access to the Plaintiff and the legal visit never occurred.

7.     At all times relevant, Defendant had notice that Plaintiff's attorney was coming for the legal visit; along with the Ambassador of Liberia, Wendell Jesse Emmanuel McIntosh.

Plaintiff's attorney corresponded on numerous occasions with Counselor, Leonard Robinson regarding the legal visit to occur on October 22, 2022.

8. Defendants refused to view identification offered by Plaintiff's attorney; and for no legitimate reasons, Defendant then took photographs of the Plaintiff's attorney and the Ambassador's vehicle and license plate.

9. Defendants refused to provide any just reason or cause for the denial of Plaintiff's right to access his lawyer, or have visitation.

10. It is imperative to Plaintiff's legal rights that he have access to meet with his lawyer.

### COUNT I
### Violation of First Amendment

11. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out herein in full.

12. The intentional refusal of entry for a legal visitation and refusal to allow Plaintiff to speak with his attorney, Charles Tucker, Jr., Esq. was a direct violation of his rights established under the First Amendment of the United States Constitution.

13. Prisoners have a First Amendment free speech right to speak with their lawyer (for example, in a visit). The Supreme Court has long held that "prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). *Al-Amin v. Smith*, 511 F.3d 1317 (11th Cir. 2008).

14. Defendants lack of policies, failure to supervise and train its personnel, and/or intentional act to violate his rights was the cause of the injuries suffered by the Plaintiff.

15. As a result of this violation of Plaintiff' constitutional rights, Plaintiff has been damaged in an amount to be established at trial.

16. Plaintiff is entitled to recover his damages from the Defendant.

## COUNT II
## Violation of Sixth Amendment

17. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out herein in full.

18. The intentional refusal of entry for a legal visitation and refusal to allow Plaintiff to speak with his attorney, Charles Tucker, Jr., Esq. was a direct violation of his rights established under the Sixth Amendment of the United States Constitution.

19. The Supreme Court has long held that prisoners have a fundamental constitutional right to access the courts, which includes a right to a lawyer. *See* U.S. Const. amend. VI. *Wheat v. United States*, 486 U.S. 153, 158-59, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988); *People v. Arguello*, 772 P.2d 87, 92 (Colo. 1989); *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977); *Al-Amin v. Smith*, 511 F.3d 1317 (11th Cir. 2008). The interpretation and application of the Sixth Amendment is a matter of federal, not Colorado, law. *Cmty. Hosp. v. Fail*, 969 P.2d 667, 672 (Colo. 1998).

20. Defendants lack of policies, failure to supervise and train its personnel, and/or intentional act to violate his rights was the cause of the injuries suffered by the Plaintiff.

21. As a result of this violation of Plaintiff' constitutional rights, Plaintiff has been damaged in an amount to be established at trial, to include monetary expenses including having his counsel travel across the country and the Ambassador of Liberia traveling from Liberia, Africa to have a legal visit with Plaintiff which was unlawfully denied; as well as injury to include interference with his legal representation, which is protected under attorney-client privilege; and denial of access to the Court.

22. Plaintiff is entitled to recover his damages from the Defendant.

WHEREFORE, for the reasons set forth above, the Plaintiff respectfully requests that this Court enter an Order of declaratory and injunctive relief requiring the Defendant, Federal Bureau

of Prisons to comply with the U.S. Constitution and its own existing policies; and Plaintiff requests that this Court schedule this matter for an Emergency Hearing on this matter and grant the following:

(a) Declare that Plaintiff's constitutional rights under the First and Sixth Amendment of the United States Constitution have been violated by the Defendant, Federal Bureau of Prisons;

(b) Immediately allow Plaintiff access to the Court and visitation with his Attorney;

(c) Reimbursement for travel expenses, as well as reasonable Attorneys' fees and costs associated with having to bring forth this matter;

(d) Nominal and punitive damages in the amount deemed appropriate to be determined at trial, for violation of Plaintiff's constitutional rights;

(e) Any other further relief this Court deems equitable, just and proper; and

(f) Set the issues for a hearing.

Dated this 24th day of October, 2022.

Respectfully submitted,

*/s/Charles Tucker, Jr.*
Charles Tucker, Jr., Esq.
Bar# 993515
The Cochran Firm - Hyattsville
8181 Professional Place
Hyattsville, MD 20785
Email: charles@tuckerlawgroupllp.com
Telephone: 301-577-1175
Facsimile: 240-467-5787