## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| DWIGHT D. YORK<br>*a/k/a* MALACHI Z. YORK<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>    Defendant(s). | )<br>)<br>)<br>)<br>)   Case No.: 1:22-cv-2801<br>)<br>)<br>)<br>)<br>) |

### MOTION FOR TEMPRORARY RESTRAINING ORDER AND EMRGENCY HEARING

Plaintiff, DWIGHT D. YORK, aka MALACHI Z. YORK (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, and files this Motion for Temporary Restraining Order and Emergency Hearing against Defendant, FEDERAL BUREAU OF PRISONS (hereinafter referred to as BOP") and for cause would show unto the Court the following:

1. This case arises from the Defendant's violation of Plaintiff's Constitutional Rights under the First and Sixth Amendment; specifically, by refusing to allow Plaintiff visitation with his attorney and access to the Court.

2. On October 22, 2022, approximately 11:00AM Plaintiff's attorney, Charles Tucker, Jr., Esq. arrived at the 5880 Hwy. 67 South Florence, CO 81226 for a legal visit with Plaintiff.

3. Without cause and without justification, Plaintiff's attorney was denied access to the Plaintiff and the legal visit never occurred.

1

4. At all times relevant, Defendant had notice that Plaintiff's attorney was coming for the legal visit; along with the Ambassador of Liberia, Wendell Jesse Emmanuel McIntosh. Plaintiff's attorney corresponded on numerous occasions with Counselor, Leonard Robinson regarding the legal visit to occur on October 22, 2022.

5. Defendants refused to view identification offered by Plaintiff's attorney; and for no legitimate reasons, Defendant then took photographs of the Plaintiff's attorney and the Ambassador's vehicle and license plate.

6. Defendants refused to provide any just reason or cause for the denial of Plaintiff's right to access his lawyer, or have visitation.

7. It is imperative to Plaintiff's legal rights that he have access to meet with his lawyer.

8. As a result of this violation of Plaintiff' constitutional rights, Plaintiff has been damaged in an amount to be established at trial, to include monetary expenses including having his counsel travel across the country and the Ambassador of Liberia traveling from Liberia, Africa to have a legal visit with Plaintiff which was unlawfully denied; as well as injury to include interference with his legal representation, which is protected under attorney-client privilege; and denial of access to the Court.

9. In light of the foregoing, Plaintiff is requesting a temporary restraining order against the Defendant for the alleged violations of his right to speak with his attorney and access the court for matters related to an issue protected by attorney-client privilege, and an emergency hearing is therefore requested.

10. Plaintiff attempted to resolve this matter with opposing party, however, on October 22, 2022, Plaintiff's attorney was disgracefully continued to be rejected from visitation, without cause, and Defendant refused to acknowledge Plaintiff's attorney as counsel.

11. Plaintiff will immediately be irreparably harmed, under Fed. R. Civ. P. 65(b), if he is continued refusal of his right to speak with his attorney and refused access to the court.

12. Moreover, the Tenth Circuit, the party requesting injunctive relief must establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. Id. *Schrier v. University of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

13. Here, the Plaintiff has met his burden and established that refusal the have access to the court and to speak with his attorney severely violate his constitutional rights, for which he is harmed. There is no injury or damages caused to the Defendant by requiring that they refrain from violating Plaintiff's right to access the court and to speak with his attorney; and there is no adverse effect the public if Plaintiff is allowed legal visits with his lawyer. Plaintiff is more than likely the succeed on the merits.

14. This Motion is filed for good cause and not for the purposes of nuisance or to harass; and Plaintiff is entitled to the opportunity to have access to his attorney to discuss matters protected under attorney-client privilege.

15. As such, Plaintiff's Motion for a Temporary Restraining Order and Emergency Hearing should be granted.

WHEREFORE, premises considered, Plaintiff prays that this Honorable Court will grant Plaintiff's Motion for Temporary Restraining Order and Emergency Hearing. Plaintiff also prays for all other general relief this Court deems equitable, fair, and just.

Dated: October 24, 2022

        Respectfully submitted,

        */s/Charles Tucker, Jr.*
        Charles Tucker, Jr., Esq.
        Bar# 993515
        The Cochran Firm - Hyattsville
        8181 Professional Place
        Hyattsville, MD 20785
        Email: charles@tuckerlawgroupllp.com
        Telephone: 301-577-1175
        Facsimile: 240-467-5787

CERTIFCATE OF SERVICE

I CERTIFY that a true and correct copy of the above and foregoing pleading was transmitted to all counsel of record via EFC this 24th day of October, 2022.

        Respectfully submitted,

        */s/Charles Tucker, Jr.*
        Charles Tucker, Jr., Esq.
        Bar# 993515
        The Cochran Firm - Hyattsville
        8181 Professional Place
        Hyattsville, MD 20785
        Email: charles@tuckerlawgroupllp.com

Telephone: 301-577-1175
Facsimile: 240-467-5787

5