**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-02801-CNS-MDB

DWIGHT D. YORK,
a/k/a Malachi Z. York,

      Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

      Defendant.

---

## EARLY MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST

---

Pursuant to Federal Rule of Civil Procedure 56, the Federal Bureau of Prisons submits this early motion for summary judgment based on Plaintiff Dwight York's failure to exhaust his administrative remedies for the claims he attempts to bring in this case, which focus on an incident that occurred a few weeks ago in which he was denied a legal visit at the ADX with an attorney and a person alleged to be "the Ambassador of Liberia." ECF No. 2 ¶¶ 4-5.

Mr. York has not filed any remedy concerning that incident and, indeed, has not filed a single grievance of any type in over two years. The Court should enter judgment in favor of BOP and dismiss the complaint without prejudice because Mr. York failed to comply with the mandatory exhaustion process under the Prison Litigation Reform Act before bringing this case.

### STATEMENT OF UNDISPUTED MATERIAL FACTS

1.       Mr. York filed this lawsuit on October 24, 2022, concerning an incident that occurred at the ADX two days earlier, on October 22, 2022. *See* ECF No. 1 ¶¶ 5-8.

2.	Mr. York has not submitted a grievance in connection with BOP's Administrative Remedy Program since August 28, 2020, including no grievance about the incident on October 22, 2022. Ex. 1, Grow Decl. ¶¶ 9-10.

## ARGUMENT

The Prison Litigation Reform Act ("PLRA") requires that an inmate must exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). The Supreme Court has made clear that this exhaustion requirement applies to all suits regarding prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), and that "unexhausted claims cannot be brought in court," *Jones v. Bock*, 549 U.S. 199, 211 (2007). And the Supreme Court has emphasized that the PLRA is a "mandatory exhaustion" statute and has "reject[ed] every attempt to deviate . . . from its textual mandate." *Ross v. Blake*, 578 U.S. 632, 639-40 (2016).

The PLRA requires "proper exhaustion," which mandates that a prisoner must comply with all prison grievance procedures. *Jones*, 549 U.S. at 205; *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (holding the PLRA "demands compliance with an agency's deadlines and other critical procedural rules"). A prisoner must exhaust all of his available administrative remedies before filing his civil action. *Jones*, 549 U.S. at 202; *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002). For federal prisoners, this requires timely completing all stages of the BOP's administrative remedy program prior to filing suit. 28 C.F.R. §§ 542.10-542.19; Ex. 1, Grow Decl. ¶¶ 3-5.

In this case, which Mr. York filed on October 24, 2022, Mr. York contends that his attorney, Charles Tucker, and another person, the "Ambassador of Liberia" were not allowed entry to the ADX to visit him on October 22, 2022. Statement of Undisputed Material Facts, Fact 1. In two claims, one styled as a First Amendment claim and the other as a Sixth Amendment claim, Mr.

2

York attempts to allege a violation of the right of access to the court. ECF No. 1 ¶¶ 13, 19.

To date, Mr. York has not pursued *any* administrative remedies at any stage concerning the incident on October 22, 2022. Statement of Undisputed Material Facts, Fact 2. Indeed, the last administrative remedy Mr. York filed, on any subject, was over two years ago, on August 28, 2020. *Id.* BOP is entitled to summary judgment because Mr. York did not properly exhaust the claims he raises here using the mandatory procedures in BOP's Administrative Remedy Program. BOP is entitled to summary judgment.

## CONCLUSION

The Court should grant summary judgment to BOP and dismiss the complaint without prejudice because Mr. York has failed to exhaust his administrative remedies.

Date: November 22, 2022

Respectfully submitted,

COLE FINEGAN
United States Attorney

s/ *David Moskowitz*
David Moskowitz
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Phone: (303) 454-0100
david.moskowitz@usdoj.gov
Counsel for the Federal Bureau of Prisons

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on November 22, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will electronically send notice to:

charles@tuckerlawgroupllp.com

s/ *David Moskowitz*
United States Attorney's Office