# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02801-CNS-MDB

DWIGHT D. YORK,
a/k/a Malachi Z. York

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

## DECLARATION OF PARALEGAL SPECIALIST C. GROW

I, C. Grow, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment, hereby declare as follows related to the above-titled matter:

1. I am a Paralegal Specialist at the United States Department of Justice, Federal Bureau of Prisons (Bureau) facilities known as the Federal Correctional Complex (FCC), Florence, Colorado, which includes the U.S. Penitentiary – Administrative Maximum (ADX). I have been so employed since May 2012. I have been employed by the Bureau, in positions of increasing responsibility, since October 2002.

2. I am familiar with the inmate administrative grievance procedure created by the Bureau's Administrative Remedy Program. *See* C.F.R. §§ 542.10 - 542.19. I have access to records maintained in the ordinary course of business by the Bureau, including Administrative

remedy requests of federal inmates, information maintained in the SENTRY[1] database, and inmate central files.

3. The Bureau has a four-tiered Administrative Remedy Program for inmate grievances, which is codified at 28 C.F.R. § 542.10 *et seq.* The first step is informal resolution with prison staff. 28 C.F.R. § 542.13(a). A Request for Informal Resolution (also known as a BP-8) is not assigned a Remedy ID number and is not tracked in SENTRY. The second step is the filing of a formal Request for Administrative Remedy (also known as a BP-9) at the institution in which the inmate is incarcerated. *Id.* An administrative remedy at this level, and subsequent levels, is assigned a Remedy ID number and tracked in SENTRY. The third step occurs if the inmate feels the response to the BP-9 is not satisfactory. Within 20 calendar days of the date the Warden signs the response, the inmate may then appeal the complaint to the Regional Director, by filing a Regional Office Administrative Remedy Appeal (also known as a BP-10). *See* 28 C.F.R. § 542.15(a). The fourth step occurs if an inmate is dissatisfied with the Regional Director's response. If that is the case, an inmate may appeal to the General Counsel in Washington D.C., by filing a Central Office Administrative Remedy Appeal (also known as a BP-11) within 30 calendar days of the date the Regional Director signed the response. *Id.* An inmate may not raise in an appeal an issue not raised in a lower level filing. *See* 28 C.F.R. § 542.15(b)(2).

4. A remedy request or appeal may be rejected at any level. 28 C.F.R. § 542.17(a). "When a submission is rejected, the inmate shall be provided a written notice . . . explaining the reason for rejection. If the defect on which the rejection is based is correctable, the notice shall

---

[1] SENTRY is the Bureau's national database which tracks various data regarding an inmate's confinement, including but not limited to, an inmate's institutional history, sentencing information, participation in programs, administrative remedies, and discipline history.

inform the inmate of a reasonable time extension within which to correct the defect and resubmit the Request or Appeal." 28 C.F.R. § 542.17(b).

5.  An inmate has not exhausted his administrative remedies until he has properly and timely sought review at all three formal levels, as described in Paragraph 3. *See* 28 C.F.R. § 542.15(b)(2).

6.  Since July 1990, the Bureau has maintained information related to administrative complaints filed by inmates under the Bureau Administrative Remedy Program in SENTRY. One of the many functions of the SENTRY database is to track administrative remedy complaints and appeals. It allows computerized searching of complaints and appeals filed by a specific inmate.

7.  Each formal complaint (*i.e.* BP-9, BP-10, and BP-11) is logged into SENTRY at the receiving location. If the complaint is an initial filing, it receives a unique Remedy ID Number upon initial entry, which follows the complaint through the appeal process. Each Remedy ID number also contains an extender that identifies the level of review. The extension F1 indicates the complaint was filed at the institution level (BP-9). The extension R1 indicates the complaint or appeal was filed at the regional level (BP-10). The extension A1 indicates the appeal was filed at the national level (BP-11). The number at the end of the extension may change if the remedy or appeal was initially rejected and is then re-filed due to a technical problem, such as improper form, failing to include documentation, or improper filing at that level.

8.  I am familiar with the Plaintiff in this litigation, inmate Dwight D. York, Federal Register No. 17911-054. Plaintiff is currently incarcerated at ADX Florence.

9.  I have reviewed the SENTRY information identifying the number and types of

administrative remedies and appeals filed by Plaintiff. Plaintiff has filed 37 Administrative Remedies (BP-9) and subsequent appeals (BP-10 and BP-11) since entering Bureau custody. Plaintiff's most recent grievance submission was received on August 28, 2020. Plaintiff did not file any grievances in 2021 nor, as of the date of this declaration, has he filed any grievances in 2022.

10. I am aware of the allegations made by Plaintiff in the Complaint (ECF No. 1). Plaintiff states on October 22, 2022, Plaintiff's attorney Charles Tucker, Jr. was denied a legal visit. ECF No. 1 at 2-3. Plaintiff has not filed an Administrative Remedy related to the legal visit of October 22, 2022.

11. Therefore, pursuant to Bureau policy and the Code of Federal Regulations, Plaintiff has not properly exhausted his administrative remedies as to the claims raised in the operating complaint in this case. *See* C.F.R. § 542.15(b)(2).

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on this 21st day of November 2022 in Florence, Colorado.

s/ *C. Grow*
C. Grow
Paralegal Specialist
FCC Florence, Colorado
Federal Bureau of Prisons