IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| DWIGHT D. YORK ) <br> a/k/a MALACHI Z. YORK ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FEDERAL BUREAU OF PRISONS, ) <br> ) <br> Defendant(s). ) | Case No.: 22-cv-02801-CNS-MDB |

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR TEMPRORARY RESTRAINING ORDER AND
EMERGENCY HEARING**

COMES NOW, Plaintiff, DWIGHT D. YORK, aka MALACHI Z. YORK (hereinafter referred to as "Plaintiff" or "Mr. York"), by and through undersigned counsel, and files this Reply to Defendant's FEDERAL BUREAU OF PRISONS (hereinafter referred to as "Defendants" or "BOP") Response in Opposition to Plaintiff's Motion for Temporary Restraining Order and Emergency Hearing and in support thereof states the following:

Mr. York was wrongfully denied visitation with his attorney and thus access to the Court. Defendant's attempt to minimize this by asserting it was a simple "error" however, this was not in "error". This was an intentional act conducted in retaliation of Mr. York's requests for visitation with his attorney and Amb. McIntosh. At all times relevant, Defendant had notice that Plaintiff's attorney was coming for the legal visit; along with an Ambassador of Liberia, Wendell Jesse Emmanuel McIntosh. Plaintiff's attorney corresponded on numerous occasions with Counselor, Leonard Robinson regarding the legal visit to occur on October 22, 2022.

Plaintiff is entitled to legal visitations, along with diplomatic visitation. Defendants have refused to approve Amb. McIntosh for visitation and despite receiving proof of his identity,

1

continue to harass and question his status and identity. Amb. McIntosh did provide proof of his identity prior to the arrival and at his arrival to BOP, at 5880 Hwy. 67 South Florence, CO 81226. Defendant's inability to verify and continued abuse of discretion is further example of fact why the TRO is appropriate in this matter.

The Plaintiff is entitled to injunctive relief as he has successfully established that: (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. Id. *Schrier v. University of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

## ARGUMENT

Plaintiff's request for a TRO arose from an immediate need for visitation with his attorney and Amb. McIntosh. Pursuing BOP's lengthy and often very prejudicial "administrative remedies" would only prolong the issue causing additional irreparable harm to Plaintiff. The citations Defendant provides in support of their assertion that all must exhaust each administrative remedy is unrelated to the issues at hand, and only support arguments involving "suits regarding prison life". *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, as Plaintiff argues in the Opposition to Plaintiff's Motion for Summary Judgement, Plaintiff is only required to exhaust all "available" administrative remedies, which he has. *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001). "The statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted," see § 1997e(a). This provision does not require exhaustion of all remedies; it requires the exhaustion of "such administrative remedies as are available." Although the PLRA does not provide a definition, the plain meaning of the term

"available" is "capable of use for the accomplishment of a purpose: immediately utilizable . . . accessible," see Webster's Third New International Dictionary 150 (1986)." *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001). Here, Plaintiff has exhausted all immediately utilizable and accessible, in other words "available" remedies and has been met with Defendant's abuse of discretion, inexcusable explanations of "error" and plain disregard for his legal rights.

    Plaintiff sought visitation with individuals who would only be available during specific times and was denied such visitation and thus lost his opportunity in October 2022. Simply stating the issue is now moot because Plaintiff was then allowed visitation with one of those individuals, his lawyer, several weeks later, does not "fix" their "mistake". Pursuing the extremely lengthy "administrative grievance procedures" program listed in the Declaration of Paralegal Specialist C. Grow, submitted by Defendant (Doc. 16-1, *Grow Decl.*) would take several months to complete and was not presented to Plaintiff for "immediate use" and was inaccessible. *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001). During that time, Plaintiff will have suffered irreparable harm and interference with his legal rights as a Registered Consul General for the Country of Liberia and Diplomatic Agent appointed by former President Charles Chankay Taylor.

    Plaintiff has demonstrated that a "systemic official action" frustrates his ability to prepare and file suit. *Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002). Defendant's cannot claim based on their own assumptions that Plaintiff has not sustained actual injury to his ability to pursue litigation. Plaintiff has sustained such injury and is not required to discuss his legal strategies as such are protected under attorney client privilege. It is not up to Defendant to decide whether Plaintiff's visitation with his attorney or Amb. McIntosh was necessary for his legal strategy or preparation, as Plaintiff is in fact claiming that such visit was and is necessary and that BOP denying such visit has indeed frustrated Plaintiff's ability to prepare and file suit. *Id.* The

irreparable harm and prejudice will only continue and expand if the court does not immediately interfere and order BOP to allow such visits to occur. *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008).

Defendants may not assert that issuing a TRO and allowing Plaintiff to exercise his rights is against public interest simply because they fear other inmates might also elect to pursue the same remedy, is not a justifiable argument. Simply because running a prison is "difficult" for Defendants does not excuse Defendants from their intentional interference with one's right to access courts or utilize their visitation rights. BOP is not above the laws of this Court and should not be allowed to continue violating constitutional rights of individuals, such as Plaintiff, and then claiming "simple error" to avoid repercussions or TROs.

Mr. York has met his burden to show entitlement to a TRO and the Court should award such without any further delay.

WHEREFORE, premises considered, Plaintiff prays that this Honorable Court will grant Plaintiff's Motion for Temporary Restraining Order and Emergency Hearing. Plaintiff also prays for all other general relief this Court deems equitable, fair, and just.

Dated: December 16, 2022

Respectfully submitted,

*/s/Charles Tucker, Jr.*
Charles Tucker, Jr., Esq.
Bar# 993515
The Cochran Firm - Hyattsville
8181 Professional Place
Hyattsville, MD 20785
Email: charles@tuckerlawgroupllp.com
Telephone: 301-577-1175
Facsimile: 240-467-5787

CERTIFCATE OF SERVICE

      I CERTIFY that a true and correct copy of the above and foregoing pleading was transmitted to all counsel of record via EFC this 16th day of December, 2022.

      Respectfully submitted,

      */s/Charles Tucker, Jr.*
      Charles Tucker, Jr., Esq.
      Bar# 993515
      The Cochran Firm - Hyattsville
      8181 Professional Place
      Hyattsville, MD 20785
      Email: charles@tuckerlawgroupllp.com
      Telephone: 301-577-1175
      Facsimile: 240-467-5787