IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-02801-CNS-MDB

DWIGHT D. YORK, a/k/a Malachi Z. York,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

---

**ORDER**

---

Before the Court is (1) Plaintiff's Motion for Temporary Restraining Order and Emergency Hearing and (2) Defendant's Early Motion for Summary Judgment for Failure to Exhaust. (ECF Nos. 2, 16). The Court DENIES Plaintiff's motion and GRANTS Defendant's motion for the following reasons.

**I. FACTS**

Plaintiff is an incarcerated person at the United States Penitentiary Administration Maximum Facility in Florence, Colorado (ADX). (ECF No. 1, p. 1). Plaintiff alleges that his attorney was denied access without cause or justification on October 22, 2022, in violation of his First and Sixth Amendment rights. (ECF Nos. 1, pp. 3-5; 2, p. 1). Plaintiff also alleges that Wendell Jesse Emmanuel McIntosh, the alleged Ambassador of Liberia, was also joining his attorney for the legal visit and was denied access that same day. (ECF No. 1, pp. 2-3).

1

In the instant motion for a TRO, Plaintiff alleges that he will be irreparably harmed under Federal Rule of Civil Procedure 65(b) if he cannot speak with his attorney and cannot access the courts. (ECF No. 2, p. 3). In response, Defendant notes that the denial of attorney access was a "one-time, inadvertent error" that has been rectified as Plaintiff had an in-person legal visit on November 18, 2022. (ECF No. 15, p. 2). However, Defendant notes, via the United States Department of State, that Wendell McIntosh is not registered as a diplomat of Liberia to the United States and is therefore not an approved visitor. (*Id.*).

Defendant separately moves for summary judgment for failure to exhaust administrative remedies, which Plaintiff contests. (ECF No. 16, 23). It is undisputed that Plaintiff did not submit any grievance regarding the incident on October 22, 2022. (ECF Nos. 16, p. 2; 23, p. 2). Plaintiff merely argues that he "is not required to exhaust 'all administrative remedies'" but rather "is only required to exhaust all 'available' administrative remedies." (ECF No. 23, p. 2).

## II.  LEGAL STANDARDS

### A.  Temporary Restraining Order

Plaintiff moves for a temporary restraining order (TRO) and emergency hearing but does not request a preliminary injunction from the Court.[1] (*See* ECF No. 2). It is within the Court's sound discretion to issue a TRO. *Allen W. Hinkel Dry Goods Co. v. Wichison Indus. Gas Co.*, 64 F.2d 881, 884 (10th Cir. 1933). When the opposing party has notice of the motion, the procedure and standards for determining whether to issue a TRO mirror those for a preliminary injunction.

---

[1] Plaintiff requests injunctive and declaratory relief, along with monetary damages in his Complaint. (ECF No. 1, pp. 4-5).

*Emmis Commc'ns Corp. v. Media Strategies, Inc.*, No. CIV. A. 00-WY-2507CB, 2001 WL 111229, at *2 (D. Colo. Jan. 23, 2001) (citation omitted).

To obtain a TRO, a plaintiff must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016). The final two requirements (harm to the opposing party and the public interest) merge when the Government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). The Tenth Circuit's definition of "probability of success" is liberal, especially where "the moving party has established that the three 'harm' factors tip decidedly in its favor." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).

Because injunctive relief is an extraordinary remedy, the plaintiff's right to relief must be clear and unequivocal. *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (citation omitted). The Tenth Circuit specifically disfavors injunctions that will (1) alter the status quo, (2) mandate an affirmative act by the defendant, or (3) afford the movant all the relief that he could recover at the conclusion of a full trial on the merits. *Id*. at 1259. Here, Plaintiff's motion falls into the third category of disfavored injunctions.[2]

**B. Summary Judgment**

Summary judgment is warranted when (1) the movant shows that there is no genuine dispute as to any material fact and (2) the movant is entitled to judgment as a matter of law. Fed.

---

[2] Plaintiff does not specifically request relief regarding visitations from Mr. McIntosh, the alleged Ambassador of Liberia.

R. Civ. P. 56(a). The factual record and reasonable inferences must be construed in the light most favorable to the nonmoving party. *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). The moving party bears the initial burden, but once met, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986). Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## III. ANALYSIS

### A.     Temporary Restraining Order

The Court does not need to reach the merits of Plaintiff's motion because Plaintiff failed to exhaust administrative remedies before moving for a TRO. The Prison Litigation Reform Act (PLRA) explicitly states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. This language is mandatory. *Ramirez v. Collier*, 142 S. Ct. 1264, 1275 (2022); *Ross v. Blake*, 578 U.S. 632, 638 (2016) ("An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies.") (citation omitted). Furthermore, the PLRA's exhaustion requirement applies to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Similarly, under the PLRA, a Plaintiff is required to exhaust administrative remedies before moving for a preliminary injunction or TRO. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994) ("[A]n

action for injunctive relief does not mean, of course, that inmates are free to bypass adequate internal prison procedures and bring their health and safety concerns directly to court."). Rather, incarcerated persons "share an obligation to act in good faith in resolving disputes: Incarcerated individuals must timely raise their claims through the prison grievance system, and prison officials must ensure that the system is a functioning one." *Ramirez*, 142 S. Ct. at 1284 (Sotomayor, J., concurring).

The Supreme Court has made clear that an incarcerated person must exhaust available administrative remedies and has "rejected every attempt to deviate from the PLRA's textual mandate." *Ross*, 578 U.S. at 639-40. There are only three circumstances where an incarcerated person would be unable to exhaust administrative remedies: (1) the administrative procedure is unavailable because officers are unable or consistently unwilling to provide any relief to aggrieved inmates; (2) the administrative scheme is "so opaque" or confusing that it is incapable of use by a reasonable inmate; (3) prison administrators thwart inmates from participating in the grievance process via "machination, misrepresentation, or intimidation." *Id*. at 643-44.

Here, Plaintiff, argues that "[p]ursuing BOP's lengthy and often very prejudicial 'administrative remedies' would only prolong the issue causing additional irreparable harm to Plaintiff." (ECF No. 22, p. 2). Plaintiff is aware of the grievance process, having filed his last grievance on August 28, 2020. (ECF No. 15, p. 6); *see also York v. Fed. Bureau of Prisons*, No. 21-CV-01503-MEH, 2022 WL 2803944, at *7 (D. Colo. July 18, 2022) (granting the defendants' motion for summary judgment due to Mr. York's failure to exhaust administrative remedies). The BOP has a four-step administrative remedy program that Plaintiff failed to utilize before filing the instant Complaint. *See Eldridge v. Berkebile*, 576 F. App'x 746, 747 (10th Cir. 2014) (detailing

the four steps required to exhaust administrative remedies).  Such mandatory language means "a court may not excuse a failure to exhaust, even to take such circumstances into account."  *Ross*, 578 U.S. at 639.  Nor has Plaintiff demonstrated that his ability to file grievances is frustrated so he cannot exhaust his administrative relief.  *See Christopher v. Harbury*, 536 U.S. 403, 413 (2002).  In fact, the opposite is true—counsel has had an ongoing dialogue with BOP employees via email to schedule legal calls and in-person legal visits.  (ECF No. 15-2, pp. 5-9).  Plaintiff has failed to exhaust his administrative remedies before seeking judicial relief, therefore the motion for a TRO is DENIED.

But even assuming that Plaintiff did exhaust his administrative remedies, he still would not be entitled to a TRO because Defendant implemented his requested relief and approved a legal call on November 9, 2022, and an in-person legal visit on November 18, 2022.  (ECF No. 15, p. 2).  Plaintiff, therefore, cannot show that there is an irreparable injury that is likely to occur without the issuance of an injunction.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy.").[3]  Plaintiff will not suffer likely irreparable harm, therefore, his motion for a TRO is DENIED.  A hearing is not required; nor does the Court need to address the remaining prerequisites for injunctive relief

---

[3] To the extent that Plaintiff makes any argument about not having an in-person meeting with Mr. McIntosh, such argument is unavailing.  Plaintiff has not pleaded any claims of constitutional violations in his Complaint regarding the denial of his visitation with Mr. McIntosh, nor is Mr. McIntosh his attorney.  Furthermore, Plaintiff's counsel has refused to clarify Mr. McIntosh's background, despite the fact that the BOP has shown that the Department of State cannot verify this individual as a diplomat representing Liberia in the United States.  (*See* ECF No. 15, p. 8 n.3).  The Court finds that such a request for identity verification is reasonably related to legitimate penological interests, and therefore would not warrant granting Plaintiff's motion for a TRO.  *Turner v. Safley*, 482 U.S. 78 (1987).  Plaintiff also includes new information in his reply that he is "a Registered Consul General for the Country of Liberia and Diplomatic Agent appointed by former President Charles Chankay Taylor."  (ECF No. 22, p. 3).  The Court will not consider new arguments raised in the reply.

because Plaintiff cannot show irreparable harm. *See Nellson v. Barnhart*, 454 F. Supp. 3d 1087, 1096 (D. Colo. 2020); *Makeen Inv. Grp., LLC for Makeen Fam. Childrens Tr. v. Colorado*, No. 17-CV-2759-RM-STV, 2018 WL 1256510, at *3 (D. Colo. Mar. 12, 2018).

### B.     Summary Judgment

Defendant moves for summary judgment, arguing that Plaintiff has not filed any grievances regarding the October 22, 2022, incident and therefore, has not exhausted his administrative remedies and cannot establish facts necessary to support a claim of a constitutional violation. As previously noted, the Court finds that Plaintiff has failed to exhaust his administrative remedies as required by the PLRA.

The failure to exhaust administrative remedies is an affirmative defense, thus the burden of proof rests with Defendant. *Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007). However, it is undisputed that Plaintiff did not attempt to engage in the grievance process for this claim, and therefore, Defendant has met the burden of showing that there is no genuine dispute regarding any material facts concerning Plaintiff's failure to exhaust administrative remedies. *Burnett v. Miller*, 738 F. App'x 951, 953 (10th Cir. 2018). The burden shifts to Plaintiff to provide evidence that administrative remedies were unavailable to him. *Id*.

A prisoner must "exhaust those procedures that he or she is reasonably capable of exhausting." *Hoover v. West*, 93 F. App'x 177, 181 (10th Cir. 2004). Plaintiff argues that he "did attempt to resolve the issue surrounding the denial of this visitations [sic], and the issues went ignored." (ECF No. 23, p. 3). However, the record shows that the issue was rectified as soon as counsel emailed BOP, that Plaintiff was aware of how to file a grievance, and engaged in the grievance process in 2020. Plaintiff does not explain what attempts were taken, how he was unable

to take advantage of the grievance process (other than to say he has deteriorating health), or how grievance forms were "unavailable" on October 22, 2022—especially when step one of the Administrative Remedy Program is informal resolution with prison staff. (ECF No. 16-1, p. 2; *see generally* ECF No. 23, p. 3). Plaintiff's denial of "any assumption or assertion that Plaintiff is required to submit any such 'grievance in connection with BOP's Administrative Remedy Program' or that he has not exhausted all available administrative remedies" does not satisfy his burden of showing that administrative remedies were unavailable to him. Accordingly, it is undisputed that Plaintiff failed to exhaust his administrative remedies; therefore, there is no genuine dispute as to any material facts and the Court must GRANT Defendant's motion for summary judgment.

## IV. CONCLUSION

Accordingly, Plaintiff's Motion for Temporary Restraining Order and Emergency Hearing is DENIED. (ECF No. 2). Defendant's Early Motion for Summary Judgment for Failure to Exhaust is GRANTED. (ECF No. 16).

It is FURTHER ORDERED that the Clerk of the Court is directed to close this case.

DATED this 29th day of December 2022.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge